IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AVALLONE MECHANICAL CO.
and MICHAEL AVALLONE,

       Plaintiffs,

v.                                                          CV 12-0677 WPL/SMV

CITY OF LAS CRUCES,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

Michael Avallone and Avallone Mechanical Company ("the Company") are before me today as part of a two-and-a-half year battle with the City of Las Cruces ("the City") over a traffic ticket. The parties have filed cross motions for summary judgment (Doc. 25; Doc. 26) on the constitutionality of the City's ordinance permitting the use of cameras to capture red light and speeding offenses at various intersections. Having carefully considered the law and relevant facts, I deny both motions and dismiss the case with prejudice because I am barred from considering it under the doctrines of issue and claim preclusion.

**FACTUAL & PROCEDURAL BACKGROUND**

In 2008, the City adopted Section 27-7 of the Las Cruces Municipal Code ("LCMC"), also called the Safe Traffic Operations Program ("STOP"). (Doc. 25 Ex. 1 at 1.) STOP uses cameras placed at various intersections to record red light and speeding violations. LCMC § 27-7.2(b). Under the ordinance, the cameras record the alleged violations, a police officer reviews the recording, and then the City issues a notification of the violation. LCMC § 27-7.5(b) & (c). The defendant may choose to pay the fine or request a hearing to contest the violation. LCMC §

27-7.5(d). If the defendant requests a hearing, the City "has the burden to prove by a preponderance of the evidence that the violation occurred. The respondent has the burden to prove any defenses by a preponderance of the evidence." LCMC § 27-7.5(f). The ordinance also creates a special evidentiary presumption, which holds that "a photograph, videotape or other electronic evidence of a violation is authentic, is not hearsay and shall be admitted into evidence by the hearing officer." *Id*.

On April 1, 2010, the camera at the intersection of Valley Drive and Avenida de Mesilla photographed a truck driven by Avallone and registered to the Company allegedly driving through a red light at 10:53 a.m. (Doc. 1 Ex. A at 1; Doc. 28 Ex. 3.) Several days later, the City issued a Notice of Violation to the Company that advised it of its right to a hearing. (Doc. 28 Exs. 3-5.) The Company requested a hearing, and at the hearing the Company was found to have violated the ordinance. (Doc. 25 Ex. 7; Doc. 43 at 1.)

The Company filed a notice of appeal contesting the hearing and the evidentiary presumption contained in § 27-7.5(f) on June 28, 2010. (Doc. 25 Ex. 7; Doc. 43 at 1.) On January 4, 2012, the state district court issued an order finding STOP's evidentiary presumption inconsistent with state law. (Doc. 25 Ex. 7 at 8.) Because STOP contained a severability clause, *see* LCMC § 27-7.7, the court struck down the evidentiary presumption only, leaving the remainder of the law intact. (Doc. 25 Ex. 7 at 8-9.) Since there was no audio recording of the proceeding, the court could not determine whether the electronic evidence was properly admitted, so the state court remanded the matter for a new hearing. (*Id*. at 9.)

On February 8, 2012, the City held a second evidentiary hearing on this matter, which was presided over by Hearing Officer John Darden. (Doc. 33; Doc. 38 Ex. A.) Darden considered the electronic evidence collected from the camera and found that the Company

violated the red light ordinance. (Doc. 28 Ex. 8.) The Company appealed Darden's decision in state court on March 5, 2012. (Doc. 38 Ex. A at 1.)

On May 30, 2012, the Company, joined by driver Michael Avallone, filed this case in state court. (Doc. 1 Ex. A.) On June 22, 2012, the City removed the case to federal court under federal question jurisdiction. (Doc. 1.) The parties filed cross motions for summary judgment. (Doc. 25; Doc. 26). After the parties filed their motion, the City filed a motion to supplement the record (Doc. 38), which alerted me to the state district court's decision on the Company's appeal. On November 26, 2012, the state district court denied the Company's appeal, affirmed the decision of the hearing officer at the second hearing, and held that the hearing properly complied with the rules of evidence. (Doc. 38 Ex. A. at 6-7.) The Company then appealed this decision to the state appellate court, where it is presently pending. (Doc. 43 at 2.) The ongoing state proceedings prompted me to hold a motion hearing on January 4, 2013, in order to clarify Plaintiffs' legal arguments and the factual and procedural history of this case. (Doc. 43.)

### STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings, discovery materials, and affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit, and the dispute is "genuine" if a rational jury could find in favor of the nonmoving party on the evidence presented. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citations omitted).

**DISCUSSION**

Plaintiffs have challenged the legality of STOP on a number of grounds in both federal and state court, and it has taken some investigation to determine the legal basis of the case as well as the nature of the proceedings in state court. Plaintiffs' complaint initially raised three grounds for relief,[1] and their motion for summary judgment appears to present different legal theories.[2] While decidedly less confusing, the City's motion for summary judgment not only rebutted the arguments raised by Plaintiffs but also appeared to argue that the ordinance is constitutional for reasons wholly unchallenged by Plaintiffs. (Doc. 25.) Accordingly, I used the motion hearing to clarify Plaintiffs' position, and I will now exclusively address the arguments presented to me during the course of the hearing.[3] Based on the arguments at the hearing, Plaintiffs assert that: (1) the hearing officer erred in the second hearing by improperly

---

[1] Plaintiffs' complaint summarily alleges violations of state law, the Civil Rights Act, and the Fourth, Sixth, and Fourteenth Amendments, without any further elaboration. (Doc. 1 Ex. A at 1.) It then proceeds to list three alleged violations:
1) STOP improperly instructs the hearing officer regarding the use of the rules of evidence (*id.* at 2);
2) the hearing officer considered inadmissible evidence (*id.* at 3); and
3) Plaintiffs were denied due process because running a red light is a crime, and a criminal offense requires that the facts of the offense, the section violated, and the accused be identified when charging the offender (*id.* at 3-4). The complaint does not complete this argument, and it is unclear how this observation leads to a constitutional violation.

[2] Plaintiffs' motion for summary judgment (Doc. 26; Doc. 27) makes three arguments that are slightly different from those in the complaint. Notably they excluded the third argument regarding the criminal/civil classification of the violation and added a new argument regarding the burden of proof. It appears as if Plaintiff's motion argues the following:
1) STOP exceeds the authority of the state statute with an evidentiary presumption that favors the City (Doc. 27 at 2);
2) STOP fails to explicitly state in its language that the rules of procedure and of evidence apply at hearings (*id.*); and
3) the notification sent to alleged violators is unconstitutional because it states that it is the individual's burden to prove a defense but does not state that the City must first prove the violation (*id.* at 5-6).

[3] During the hearing, I asked Plaintiffs' counsel twice if he had any other arguments, apart from those we had discussed. (Doc. 43 at 2-3.) Plaintiffs' counsel stated he had no further arguments. (*Id.* at 3.) Based on these representations, I will only consider the three raised at the hearing.

4

considering unauthenticated evidence during the second hearing; (2) the state district court improperly legislated from the bench by imposing the code of evidence upon the city's ordinance in the January 2012 order; and (3) the failure of the City's notice of a violation to state the burden of proof violates due process. (Doc. 43.) After carefully considering the facts and relevant law, I have determined that I am barred from considering Plaintiffs' first two arguments under the doctrine of issue preclusion and their third argument under claim preclusion. Furthermore, these doctrines also bar the consideration of the City's motion for summary judgment.

## I.     Issue Preclusion

Issue preclusion, also called collateral estoppel, holds that "once a court decides an issue of fact or law necessary to its judgment, that decision precludes litigation of the same issue on a different cause of action between the same parties." *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 467 n.6 (1982); *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984) (discussing why "issue preclusion" is preferred over the term "collateral estoppel"). State court litigation has a preclusive effect in legal and factual issues in subsequent actions brought in federal court between the same parties or their privies under 28 U.S.C. § 1983. *Allen v. McCurry*, 449 U.S. 90 (1980) (holding that state court decision denying a motion to suppress evidence could not be re-litigated in a later § 1983 suit brought by the criminal defendant after his incarceration). While "[t]here is no definition of privity which can be automatically applied to all cases involving . . . [issue preclusion]" the Tenth Circuit has held that "privity may . . . be established if the party to the first suit represented the interests of the party to the second suit." *Satsky v. Paramount Commc'ns*, 7 F.3d 1464, 1468-69 (10th Cir. 1993) (internal citations and quotations omitted).

Plaintiffs brought this suit pursuant to § 1983, and their motion for summary judgment raises legal issues which have been considered by the state court and are presently on appeal.[4] Specifically, they have challenged Officer Darden's decision to admit electronic evidence in the second hearing and the state court's use of the severability clause to uphold STOP after striking down the evidentiary presumption. (Doc. 43 at 2.) However, the state court considered both issues. In its January 2012 opinion (Doc. 25 Ex. 7) the court considered the application of the severability clause, and in November 2012, the court declined to reconsider the issue and affirmed the earlier decision's reasoning in applying the severability clause. (Doc. 38 Ex. A at 4-5.) The November 2012 opinion also considered the legal issue of the admissibility of electronic evidence, and it held that Officer Darden did not err in finding that there was a proper foundation for the photographs and admitting the electronic evidence. (*Id*. at 6.)

Not only have these very legal issues been decided by the state court, these issues were litigated by functionally the same parties. The only difference in the parties is that Avallone was not a named plaintiff in the state court litigation and is a party now. However, Avallone was involved in the earlier litigation; he was the driver of the car when it allegedly ran the red light in April 2010 (Doc. 1 Ex A at 1), and based on the name of the company, I assume he has more than a passing association with Avallone Mechanical Company. There is no indication that the arguments presented in his federal pleadings differ from those in the state pleadings or reflect a right or interest not previously represented. The company fully represented the interests of

---

[4] The concurrent litigation of these same issues by the parties in state court raises additional questions regarding abstention when there is duplicative litigation, *see Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976), and *Younger* abstention when there is a pending state proceeding, *see Penzoil Co. v. Texaco, Inc.,* 481 U.S. 1 (1987); *Juidice v. Vail*, 430 U.S. 327 (1977). I will not consider these doctrines in the present matter, but I note that they also complicate my ability to hear this case.

Avallone in the first suit, so Avallone's presence in this lawsuit does not alter the application of the doctrine of issue preclusion.

Since these two issues were addressed in state court and the parties are functionally the same, I am barred from reconsidering these issues here.

## II.     Claim Preclusion

Whereas issue preclusion prohibits the re-litigation of issues of fact or law that have actually been litigated, claim preclusion, or res judicata, is a broader doctrine which prevents the litigation of claims that have been litigated or could have been litigated. *Migra*, 465 U.S. at 77 n.1 (defining claim preclusion and explaining why "claim preclusion" is preferred over term "res judicata"). "Under federal law, the application of claim preclusion requires that three elements be satisfied: '(1) a judgment on the merits in [an] earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits.'" *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1149 (10th Cir. 2006) (quotations omitted). The Tenth Circuit applies the "transactional" approach to determining whether there is a shared identity of the cause of action. *Nwosun v. General Mills Restaurants*, 124 F.3d 1255, 1257 (10th Cir. 1997). "Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence." *Id*. Federal courts must give preclusive effect to state court decisions and may not consider a claim in a § 1983 action that could have been brought in earlier state litigation because it is based on the same cause of action. *Migra*, 465 U.S. at 83.

I note from the outset that Plaintiffs' first two claims are not only barred by issue preclusion, but also by claim preclusion since the state court entered judgments based on the

7

merits, the suits had the same parties or their privies, and there was identity in the cause of action.

Plaintiffs' third claim, while not specifically litigated in state court, is likewise barred under claim preclusion. This claim challenges the constitutionality of the Notice of Violation that the City sends to alleged violators. The notice that Plaintiffs' received in 2010 states that it is the individual's burden to prove a defense, but it does not say that the City has to first prove the violation. (Doc. 27 at 5-6.) Plaintiffs argue that the failure of the notice to state the burden of proof is a violation of due process. (*Id*. at 6; Doc. 43 at 2-3.) They assert that the notice effectively implies that the individual committed the red light violation, giving the impression that the individual bears the burden of refuting this allegation. (Doc. 43 at 2.)

This argument could have easily been brought in the first appeal in 2010, or the second appeal in 2012. It clearly meets the requirements of this circuit's transactional approach as the argument involves the same set of facts and the same ordinance. Plaintiffs have had access to this notice since it was mailed to them in April 2010, and there is no reason why they could not have made this challenge in either appeal to the state district court. I find that this Court is precluded from hearing Plaintiffs' third claim. As all claims are precluded, I must dismiss Plaintiffs' motion with prejudice.

### III.  The City's Motion For Summary Judgment

The City has also filed a motion for summary judgment (Doc. 25); its motion also raises issues and claims previously litigated in state court,[5] as well as new arguments that easily could have been included in the state court cause of action that concern the constitutionality of the

---

[5] The City argues that STOP may be upheld because of the severability clause, which was previously decided in January 2012, and that the hearing officer did not err, which was decided in November 2012. (Doc. 25 Ex. 1 at 4, 6.)

statute as a whole.[6] Just as Plaintiffs' arguments are precluded from review by federal court, the City's arguments are also precluded by claim and issue preclusion, so I must deny the City's motion for summary judgment.

## CONCLUSION

Plaintiffs challenge the constitutionality of the City's STOP ordinance and the City has responded that its ordinance complies with due process. After carefully sifting through the arguments of both parties, though, it is clear that this lawsuit is barred by issue and claim preclusion since all claims have been actually litigated or could have been litigated in state court. I therefore deny both motions for summary judgment and dismiss the case with prejudice.

IT IS SO ORDERED.

*William P. Lynch*
William P. Lynch
United States Magistrate Judge

---

[6] The new arguments are regarding the authority of a Home Rule municipality to pass an ordinance such as STOP and whether STOP as a whole meets the requirements of procedural due process. (Doc. 25 Ex. 1 at 5, 7.)